Opinion issued September 22, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00434-CR &
01-09-00435-CR

———————————

Ernest Osil Samuel, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 337th District Court

Harris County, Texas



Trial Court Case Nos. 1207867 & 1207868

 



MEMORANDUM OPINION

          Appellant,
Ernest Osil Samuel, was charged with aggravated robbery and burglary of a
habitation.[1]  The primary offenses were enhanced by two prior felony
convictions.  Appellant pleaded not
guilty to the two primary offenses, but he pleaded “true” to the
enhancements.  In each case, a jury found
appellant guilty and found the enhancements true, and it assessed appellant’s punishment
at confinement for life for the aggravated robbery and at 77 years’ confinement
for the burglary of a habitation, with the sentences to run concurrently.  The trial court certified appellant’s right
to appeal, and appellant timely filed a notice of appeal.

          Appellant’s appointed counsel on appeal
has filed a motion to withdraw and an Anders
brief stating that the record presents no reversible error and therefore the
appeal is without merit and is frivolous. 
See Anders v. California, 386
U.S. 738, 87 S. Ct. 1396 (1967).  We
grant counsel’s motion to withdraw and affirm the trial court’s judgment.

An attorney has an ethical obligation to refuse to prosecute
a frivolous appeal.  Schulman v. State, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008)
(citing McCoy v. Court of Appeals of
Wisconsin, 486 U.S. 429, 436, 108 S. Ct. 1895, 1901 (1988)).  If an appointed attorney finds a case to be
wholly frivolous, his obligation to his client is to seek leave to
withdraw.  Id. at 407.  Counsel’s obligation
to the appellate court is to assure it, through an Anders brief, that, after a complete review of the record, the
request to withdraw is well-founded.  Id.

We may not grant the motion to withdraw until:

(1)     the
attorney has sent a copy of his Anders
brief to his client along with a letter explaining that the defendant has the
right to file a pro se brief within 30 days, and he has ensured that his client
has, at some point, been informed of his right to file a pro se petition for
discretionary review with the Texas Court of Criminal Appeals; 

(2)     the
attorney has informed this Court that he has performed the above duties; 

(3)     the
defendant has had time in which to file a pro se response; and

(4)     we
have reviewed the record, the Anders brief,
and any pro se brief.

See id. at 408–09.  If we agree that the appeal
is wholly frivolous, we will grant the attorney’s motion to withdraw and affirm
the trial court’s judgment.  See Garner v. State, 300 S.W.3d 763, 766
(Tex. Crim. App. 2009).  If we conclude that arguable grounds for
appeal exist, we will grant the motion to withdraw, abate the case, and remand
it to the trial court to appoint new counsel to file a brief on the merits.  See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).  

Here, counsel’s brief reflects that
he delivered a copy of the brief to appellant and informed him of his right to
examine the appellate record and to file a response.  See id.
at 408.  Appellant filed a pro se
response arguing in five issues that there is insufficient evidence that he
used or exhibited a deadly weapon during the burglary and the aggravated robbery
or that he did so intentionally and knowingly and that the indictment for the
aggravated robbery was deficient.

          Counsel’s
brief meets the Anders requirements
by presenting a professional evaluation of the record.[2]
 See
Anders, 386 U.S. at 744, 87 S. Ct. at 1400; see also High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978).  Counsel discusses the evidence adduced at the
trial, supplies us with references to the record, and provides us with citation
to legal authorities.  Counsel indicates
that he has thoroughly reviewed the record and that he is unable to advance any
ground of error that warrants reversal.  See Anders, 386 U.S. at 744, 87 S. Ct.
at 1400; Mitchell v. State, 193
S.W.3d 153, 154 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  

We have independently reviewed the
entire record, and we conclude that no reversible error exists in the record,
that there are no arguable grounds for review, and that therefore the appeal is
frivolous.  See Anders, 386 U.S. at 744, 87 S. Ct. at 1400; Garner v. State, 300 S.W.3d 763, 767
(Tex. Crim. App. 2009) (explaining that frivolity is determined by considering
whether there are “arguable grounds” for review); Bledsoe, 178 S.W.3d at 826–27 (emphasizing that reviewing court—and
not counsel—determines, after full examination of proceedings, whether appeal
is wholly frivolous); Mitchell, 193
S.W.3d at 155.  An appellant may
challenge a holding that there are no arguable grounds for appeal by filing a
petition for discretionary review in the Court of Criminal Appeals. See Bledsoe, 178 S.W.3d 827 & n.6.

          We
affirm the judgments of the trial court and grant counsel’s motion to withdraw.[3]
 Attorney Ellis McCullough must
immediately send the notice required by Texas Rule of Appellate Procedure
6.5(c) and file a copy of that notice with the Clerk of this Court.  See
Tex. R. App. P. 6.5(c).  The Clerk of the Court is ordered to send a
copy of this opinion to Samuel.  All
other pending motions are denied as moot.

PER CURIAM

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).











[1]
          Appellant was charged with aggravated robbery in trial court cause
number 1207867, resulting in appeal number 01-09-00434-CR.  See Tex. Penal Code Ann. §§ 29.02,
29.03 (West Supp. 2010) (providing elements of aggravated robbery).  Appellant was charged with burglary of a
habitation in trial court cause number 1207868, resulting in appeal number
01-09-00435-CR.  See Tex. Penal Code Ann.
§ 30.02(a)(1) (West 2003)
(providing elements of burglary of a habitation).

 





[2]
          Appointed counsel’s brief initially claims that it relies on Anders v. California, but then proceeds
to identify and develop what it refers to as “arguable grounds of error.”  This is not a proper recitation of the
standard prescribed by Anders.  See 386
U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). 
In an Anders brief, appointed
counsel must present a professional evaluation of the record and detail why
there are no arguable grounds for reversal in the case.  Id.
at 744, 87 S. Ct. at 1400; see also High
v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.1978).  Nevertheless, counsel’s brief reveals a
professional evaluation of the record in that it articulates various arguments
relevant to Samuel’s case that the evidence and the law do not arguably
support.  Likewise, our independent
review of the record, as well as the arguments set forth in Samuel’s pro se
brief, confirm that no arguable grounds for reversal exist.





[3]
          Appointed counsel still has a duty to inform appellant of the result of
this appeal and that he may, on his own, pursue discretionary review in the
Texas Court of Criminal Appeals. See
Bledsoe v. State, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).